### SOLIBELLAS *vs.* REEVES'S CURATOR.

APPEAL FROM THE COURT OF PROBATES OF THE PARISH OF RAPIDES.

An erasure of the name of the maker of an obligation by a third party, cannot affect the rights of the proprietor of it; but in cases of this kind the difficulty is in making proof that the erasure was made by a third party. This must be shown before the proprietor can recover on a note where the maker's name is erased.

When the evidence leaves the facts of a cause in doubt, this court will not reverse the judgment of the judge *a quo*, who knew the parties and the witnesses in the case.

The administrator of Marmaduke Reeves's estate, on the sixth of April, 1829, filed his tableau of distribution in the Court of Probates of the Parish of Rapides, and prayed its homologation.

J. M. Solibellas claimed to be creditor for the amount of a note in his favor for six hundred and five dollars, drawn and signed by Reeves in his life time. The administrator refused to pay the note or place it on the tableau, on the ground that it had been paid. The name of the drawer, Reeves, was erased. The note was found in the papers of one P. Landreaux, by the notary when taking an inventory of his estate. It was found with two others made by different persons with the names of the drawers or makers all erased. Briggs who was the maker of one of them, declares he had not paid it. Reeves being dead, presumptive evidence has been resorted to to establish the claim of the opposing creditor. It is alleged the note is yet unpaid, and that the erasure has been made without the consent of the payee. The erasure of Briggs's name from his note is given as an example to show that the erasures were made without the consent of the payee. Landreaux, among whose papers the note was found after his death, had been a partner of the plaintiff in business.

*Flint*, for the plaintiff and appellant.

1. This note was found in the succession of P. Landreaux and among his papers, with two others, having the signatures of the makers erased, but no other evidence of payment.

WESTERN DIST.
October, 1831.

SOLIBELLAS
vs.
REEVES'S
CURATOR.

2. A note or voucher of debt which is found in the hands of a third person, erased, does not create a presumption of remission or payment.    8 *Touillier.*

*Boyce,* for the administrator.

1. The evidence in this case, although not a little contradictory, yet from all the circumstances taken together, establishes the fact that the note in question was paid.

2. When the evidence is not positively clear one way or the other, this court has uniformly decided that it will not disturb the judgment below, where the judge heard all the testimony, and was best qualified to give it a correct application.

*Porter, J.* delivered the opinion of the court.

The curator of the estate refused to admit as a debt against it, a claim set up by the plaintiff on a promissory note executed by the intestate some time previous to his decease.    It was found among the papers of one Landreaux, who had formerly been connected with the plaintiff in business, and the name of the maker was erased.    No account is given how it came into the possession of this person; nor is there any evidence of payment.    Proof is given that two other notes found in the pocket-book of Landreaux at the same time, had the names of the makers erased, and that one of these notes was unpaid.

There is evidence on record tending to show from the habits and pecuniary means of the deceased, that the obligation must have been discharged; and there is testimony on the other side to raise a probability that it has not.    The judge of the first instance decided against the plaintiff, and he has appealed.

The counsel have referred us to *Touillier,* in order to establish that erasures made by a third party cannot affect the rights of the proprietor of the obligation.    This is undoubtedly true.    But the writer suggests the difficulty which is common to all cases of this kind, namely, to prove that the erasure was made by a third party.    Of that fact we have no testimony here.    Unless the contrary be shown, Landreaux must be

An erasure of the name of the maker of an obligation by a third party, cannot affect the rights of the proprietor of it; but in cases of this kind the difficulty is in making proof that the erasure was made by a third party. This must be shown before the proprietor can recover on a note where the maker's name is erased.
When the evidence leaves the facts of a cause in doubt, this court will not reverse the judgment of the judge *a quo,* who knew the parties and the witnesses in the case.

WESTERN DIST.
October, 1831.

presumed to have been the agent of the plaintiff. After an attentive consideration of the evidence, our minds are left in doubt whether the note was paid or not, and under such circumstances we do not feel authorised to reverse a judgment pronounced by a tribunal which knew the parties and the witnesses.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Probate Court be affirmed, with costs.